UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN SMITH,

    Plaintiff,

v.                                              Case No. 8:16-cv-771-T-24 MAP

BOTTLING GROUP, LLC,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss. (Doc. No. 6). Plaintiff opposes the motion. (Doc. No. 7). As explained below, the motion is granted, but Plaintiff will be given leave to amend.

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right

to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II. Background

Plaintiff Brain Smith alleges the following in his complaint (Doc. No. 2): Plaintiff was employed by Defendant Bottling Group, LLC as a Merchandiser/Salesperson from October of 2011 until February 13, 2013. Plaintiff was born in 1958, and thus, he is at least 57 years old.

Plaintiff contends that the workforce in Defendant's Holiday, Florida location is made up of young, white males.[1] During his employment with Defendant, Plaintiff applied for, and was denied, three promotions. These promotions were awarded to younger white males instead of Plaintiff.[2] Plaintiff complained to Human Resources regarding the denial of these promotions. Plaintiff, however, fails to identify when these promotions occurred and when he complained to Human Resources.

Next, Plaintiff alleges that a young black employee was transferred to the Holiday location. In January of 2013, Plaintiff overheard his supervisor, Keith Muller, refer to the black employee when Muller was speaking to another supervisor and saying, "What do you want to do with the 'F'n' Monkey from South Carolina?" (Doc. No. 2, ¶ 16). Shortly thereafter, Plaintiff

---

[1] Presumably Plaintiff works at the Holiday location; however, he does not specifically allege this.

[2] Plaintiff makes no allegation regarding his own race.

confronted Muller to let Muller know that he had heard Muller's racist comment. Plaintiff told Muller that if he ever heard another racist comment from Muller again, Plaintiff would report it to Human Resources. Muller responded, "Good luck with that!" (Doc. No. 2, ¶ 17). On February 13, 2013, Muller terminated Plaintiff "in retaliation for his complaints." (Doc. No. 2, ¶ 18). However, Muller claimed that Plaintiff was terminated for falsifying company records.

Thereafter, on February 28, 2016, Plaintiff filed suit against Defendant in state court, which was removed to this Court.[3] In his complaint, Plaintiff asserts the following two claims: (1) retaliation under the Florida Civil Rights Act ("FCRA") and (2) retaliation under Title VII.[4] In response, Defendant filed the instant motion to dismiss.

### III. Motion to Dismiss

Plaintiff contends that he was terminated in retaliation for his complaints and asserts claims under Title VII and the FCRA.[5] As explained by one court:

> Under Title VII, it is an unlawful employment practice for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter[.]" . . . [A] plaintiff alleging a retaliation claim under Title VII must . . . [allege] that (1) [he] engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the plaintiff's protected activities.

---

[3]Plaintiff alleges that he filed a charge of discrimination with the Florida Commission on Human Relations and that the charge is attached as Exhibit A. However, Plaintiff failed to attach the charge to the complaint.

[4]Plaintiff does not assert any discrimination claims based on the failure to promote him to any of the three positions.

[5]"Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII." Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998)(citations omitted)..

Little v. United Techs., Carrier Transicold Div., 103 F.3d 956, 959 (11th Cir. 1997)(internal citations omitted). In order to satisfy the first element—engaging in a statutorily protected activity—the plaintiff must allege that he opposed an unlawful employment practice; he cannot simply report an isolated act of discrimination by a co-worker. See id. (citing Silver v. KCA, Inc., 586 F.2d 138, 141 (9th Cir. 1978)). Defendant argues that Plaintiff cannot satisfy the first element, because he simply opposed an isolated act of discrimination. As explained below, the Court agrees with Defendant.

In Silver, the plaintiff complained about a co-worker's single racist remark, and two days later, the plaintiff was fired. See Silver, 586 F.2d at 140. In determining whether the plaintiff established a claim of retaliation, the court noted that "not every act by an employee in opposition to racial discrimination is protected. The opposition must be directed at an unlawful employment practice of an employer, not an act of discrimination by a private individual." Id. at 141. In finding that the plaintiff failed to show that she opposed an unlawful employment practice, the court stated the following:

> [The plaintiff] argues . . . that the policy considerations and congressional purposes underlying Title VII require protection of an employee who opposes "a racially derogatory incident." We think she misconstrues the thrust of the statute. The specific evil at which Title VII was directed was not the eradication of all discrimination by private individuals, undesirable though that is, but the eradication of discrimination by employers against employees. The "incident" to which [the plaintiff] reacted was not conduct of [the employer] or conduct for which it was responsible. While [the co-worker's] remark could be construed as a racially derogatory slur, it simply was not the sort of conduct which Title VII was enacted to prohibit. We bear in mind the fact that Title VII must be construed liberally in order to effectuate the broad remedial purpose of Congress "to eliminate the inconvenience, unfairness, and humiliation of ethnic discrimination." Were we to follow [the plaintiff's] argument, however, and extend the protection of the statute to the situation in

> which no employment practice of an employer was involved, but only an isolated incident between co-workers, we would clearly exceed the intent of Congress and the plain language of the statute. This we cannot do.

Id. at 141 (internal citation omitted).

After Silver, the Eleventh Circuit in Little faced the same issue—a co-worker used the n-word in front of the plaintiff, and the plaintiff later reported it. See Little, 103 F.3d at 958. The plaintiff contended that he was retaliated against after reporting the racist comment. See id. In analyzing whether the plaintiff established a claim of retaliation, the Little court stated that it agreed with the Ninth Circuit's disposition of the Silver case. See id. at 959.

Based on Little, Defendant argues that Plaintiff fails to state a claim of retaliation, because Plaintiff has not alleged that he opposed an unlawful employment practice. In response, Plaintiff makes two arguments.

First, Plaintiff argues that as long as he "reasonably believed" that he was opposing an unlawful employment practice, he could satisfy the first element even if one racist comment does not equate to an unlawful employment practice. Plaintiff is correct that Eleventh Circuit case law looks at whether the plaintiff "had a good faith, reasonable belief that the employer was engaged in unlawful employment practices." See id. at 960 (citation omitted). The Little court explained the "reasonable belief" standard as follows:

> It is critical to emphasize that a plaintiff's burden under this standard has both a subjective and an objective component. A plaintiff must not only show that he *subjectively* (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was *objectively* reasonable in light of the facts and record presented. It thus is not enough for a plaintiff to allege that his belief in this regard was honest and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable.

5

Id.

Even if the Court accepts Plaintiff's argument that he subjectively believed that Defendant engaged in an unlawful business practice, the Court finds that his belief was not objectively reasonable. As explained by the court in Butler v. Alabama Department of Transportation:

> While a plaintiff can prevail on a retaliation claim based on opposition to an employment practice that is not actually unlawful, we have to consider the controlling substantive law in this circuit when we assess whether a plaintiff's mistaken belief is objectively reasonable. Where binding precedent squarely holds that particular conduct is not an unlawful employment practice by the employer, and no decision of this Court or of the Supreme Court has called that precedent into question or undermined its reasoning, an employee's contrary belief that the practice is unlawful is unreasonable.

536 F.3d 1209, 1214 (11th Cir. 2008)(internal citations omitted).

Binding precedent holds that one isolated racist remark does not equate to the unlawful employment practice of creating a hostile work environment. See Little, 103 F.3d at 961 (concluding that "a racially derogatory remark by a co-worker, without more, does not constitute an unlawful employment practice"); Butler, 536 F.3d at 1214 (same). This is true even if the racist remark is made by the plaintiff's supervisor. See Marable v. Marion Military Inst., 595 Fed. Appx. 921, 927 (11th Cir. 2014)(concluding that the supervisor's racially offensive remarks were not sufficient to create a racially hostile work environment); McCann v. Tillman, 526 F.3d 1370, 1378-79 (11th Cir. 2008)(concluding that the supervisor's sporadic, racially derogatory language did not create a racially hostile work environment); see also Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 348-49 (5th Cir. 2007)(concluding that the plaintiff could not have reasonably believed that the supervisor's racist remarks constituted an unlawful

employment practice). Accordingly, the Court rejects Plaintiff's argument that because he believed that he was opposing an unlawful employment practice, he satisfies the first element of a retaliation claim.

Plaintiff's second argument against dismissal of his retaliation claims is that the claims are based on retaliation for both his complaints about Muller's racist comment and his complaints to Human Resources about the denial of the three promotions for which he applied. Thus, argues Plaintiff, because Defendant did not address his retaliation claims with respect to his complaints to Human Resources, his retaliation claims should remain.

While Plaintiff is correct that Defendant did not address his retaliation claims with respect to his complaints to Human Resources about the denial of these promotions, his retaliation claims based on those complaints are not sufficiently pled. Plaintiff does not allege when he made the complaints to Human Resources, and as such, he has not sufficiently alleged a causal connection between those complaints and his termination. Furthermore, Plaintiff has not alleged that Muller knew of his complaints to Human Resources. Therefore, Plaintiff's retaliation claims must be dismissed as pled. The Court will, however, grant Plaintiff leave to amend his complaint to add sufficient allegations to support his retaliation claims.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 6) is **GRANTED** to the extent that Plaintiff's complaint is dismissed without prejudice. Plaintiff is granted leave to amend and may file an amended complaint by *May 30, 2016*. If Plaintiff fails to timely file an amended complaint, the Court will close this case without further notice due to lack of prosecution.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of May, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record